From Luke H. Frasher, Uniontown, Pa.

## Niccolls's Estate. No. 2.

*Umble, McKean & Williams* and *Higbee, Matthews & Lewellyn*, for trustee.

*L. K. Porter, H. S. Dumbauld, Thomas J. Prather* and *Frederick W. Miller*, contra.

DAWSON, P. J., Dec. 17, 1930.—Recently four physical examinations have been made of Josiah V. Thompson, now committed to the Fayette County jail, under order of this court, to ascertain his state of health. These examinations were made by Doctors G. H. Griffin, the jail physician, C. H. Smith, C. H. La Clair and A. E. Crow, the latter being Mr. Thompson's family physician.

Each doctor made his examination alone and each made a separate written report to the court.

For a great many years all of these men have been engaged in the practice of their profession in this county and have established a reputation as practitioners of high standing and as citizens of the highest integrity.

In substance, they report to the court that recently Mr. Thompson underwent a preliminary iridectomy at the Eye and Ear Hospital in Pittsburgh, Pa., which is to be followed by an operation for cataract extraction, and that preliminary thereto he needs careful, continuous attention and advice from skilled specialists; but if such operation should be too long delayed it might result in blindness. There is practically no vision in one eye now and the other is impaired. These examinations, as well as former ones by Doctor Crow, reveal that Mr. Thompson is suffering from diabetes, making it necessary for him at all times to be given a carefully regulated diet, and certain scientific tests, which cannot be carried out under present conditions.

To deprive a well man of his liberty is one thing; but to deprive a broken old man of his liberty when he is suffering from two serious maladies, and at the same time to deprive him of a fair opportunity to alleviate his suffering, calls for judicial clemency and a recognition of the common humanities of life when such physical conditions are reliably brought to the attention of the court.

The Orphans' Court Act of June 7, 1917, P. L. 363, § 18 *(b)*, 8, provides for discharge from commitment under conditions as follows:

"Any person attached as for contempt in refusing to obey an order or decree of the orphans' court, whether for the payment of money or in any other case, may be discharged from custody by said court on his complying with the order or decree of the court, or paying the money for which such order or decree has been made, or upon his purging himself of contempt to the satisfaction of the court by whose order he was attached."

Heretofore we cited state appellate and a federal court decision to show that contempt is a civil and not a criminal proceeding. The act quoted shows that one attached is committed for an indeterminate period, to be released when, in the discretion of the court, the contemner has purged himself of contempt "to the satisfaction of the court by whose order he was attached." Each case of this kind largely has its own controlling circumstances.

The fact of a commitment to jail itself, without respect to duration of time, would be more keenly felt by Mr. Thompson and a greater punishment to him than a long time confinement by many another man. And, too, the humiliation would be more poignantly felt by him, and the hand of the law much heavier upon him, with his weight of years and ill-health, than to a younger man of good health.

We accept the verity of the written reports of the doctors as to Mr. Thompson's health and conclude that under the law he is entitled to his discharge.

In the petition presented to the court July 31, 1930, under the Act of June 1, 1915, signed by Mr. Thompson and sworn to by him, he set forth that he owned the following property, to wit: *(a)* twenty shares of the capital stock of the MacFadden Publication Company; *(b)* fifteen shares of the capital stock of Emerald Coal and Coke Company; *(c)* contract for the purchase of ten lots in Muscle Shoals; *(d)* about six acres of coal, with appurtenant mining rights, situate in Marshall County, West Virginia; *(e)* one-fourth of five-fourteenths plus one-forty-second of a tract of land in South Strabane Township, Washington County, Pennsylvania, equivalent to about sixteen acres in severalty; *(f)* library, list to be attached, valued at not exceeding $100.

At the subsequent hearing Mr. Thompson was not interrogated concerning this property, but we assume he still owns it. This is the only property that

the testimony or any of the filed papers indicate that he owns. At this time we deem it prudent to set at rest any question as to this property; consequently, we shall direct Mr. Thompson to make such conveyances and transfers of muniments of title of this property to the National Bank of Fayette County, in trust, however, for the benefit of this estate and that of Emma Messmore, deceased, in proportion to their respective claims.

### Decree.

And now, Dec. 17, 1930, upon and after due consideration, the court, to its satisfaction, adjudges Josiah V. Thompson to have purged himself of the contempt for which he now stands committed and orders and directs the sheriff to release him.

It is further ordered and directed that Josiah V. Thompson, as soon as the necessary data is obtainable, execute and deliver the necessary deeds, certificates of stock and all necessary assurances of title thereto, and all personal property, to the National Bank of Fayette County, which we appoint trustee, to hold in trust for the use and benefit of the John A. Niccolls estate and the Emma Messmore estate of the following: *(a)* Twenty shares of the capital stock of the MacFadden Publication Company; *(b)* fifteen shares of the capital stock of Emerald Coal and Coke Company; *(c)* contract for the purchase of ten lots·in Muscle Shoals; *(d)* about six acres of coal, with appurtenant mining rights, situate in Marshall County, West Virginia; *(e)* one-fourth of five-fourteenths plus one-forty-second of a tract of land in South Strabane Township, Washington County, Pennsylvania, equivalent to about sixteen acres in severalty; *(f)* library, list to be attached, valued at not exceeding $100; said trustee to convert said property into money as speedily as may be advantageously done, and after proper administrative deductions, to apply the proceeds thereof in extinguishment of the indebtedness of Josiah V. Thompson to the estate of John A. Niccolls, deceased, and the estate of Emma Messmore, deceased, ratably and proportionately to the amounts payable by him to each of the said estates, as shown by the records thereof in the Orphans' Court of Fayette County, the former at No. 63, March Term, 1927, and the latter at No. 39, December Term, 1924. Bond to be given in double the appraised value of the personal property.

From Luke H. Frasher, Uniontown, Pa.